John BURKS, Petitioner,

v.

DEPARTMENT OF THE INTERIOR,
Respondent.

No. 03–3115, 03–3158.

United States Court of Appeals,
Federal Circuit.

Jan. 7, 2004.

Before LOURIE, CLEVENGER and SCHALL, Circuit Judges.

PER CURIAM.

John W. Burks seeks review of two final decisions of the Merit Systems Protection Board ("Board") in appeals wherein Mr. Burks seeks to set aside a settlement agreement, pursuant to which he agreed to resign his position with the National Park Service ("agency") instead of being removed for misconduct. *Burks v. Dep't of the Interior,* Nos. AT0752990226–M–1, AT0752990226–M–2, 2002 WL 31499188 (M.S.P.B. Oct.31, 2002); AT0752990226–C–3, 2003 WL 261716 (M.S.P.B. Feb. 4, 2003). We *affirm.*

I

The reason for Mr. Burks's proposed removal by the agency is irrelevant to decision of this appeal. The only question is whether the agency breached the settlement agreement, as Mr. Burks contends. Mr. Burks gained employment with the U.S. Department of Agriculture shortly after voluntarily leaving the agency under the terms of the settlement agreement. If the agency did breach the settlement agreement, the effect of the breach would be to invalidate the agreement. This would in turn reinstate the agency's proposed removal action against Mr. Burks, with Mr. Burks reinstated with back pay in his old position at the agency pending the completion of the removal action.

Mr. Burks's two appeals in this court deal with various aspects of the alleged breaches of the settlement agreement which, in pertinent part, required the agency to: (1) promptly provide him with a final performance appraisal for his work in the agency; (2) provide him with a corrected PP–60 form to document his leave data; (3) purge his Official Personnel File of any reference to his proposed removal; and (4) correctly credit him with 359 hours of sick leave.

II

The Board carefully considered Mr. Burks's allegations of alleged breach of the settlement agreement by the agency on each of the four points noted above. The Board noted that the agency failed to provide Mr. Burks with his final performance appraisal within the 30 days promised in the text of the settlement agreement. Nonetheless, the Board pointed out that Mr. Burks had changed mailing addresses without prompt notification to the agency and that the agency had promptly provided the required appraisal after learning of the new mailing address. In addition, the Board found that Mr. Burks had not established any adverse consequences to him from the excess over 30 days the agency took to provide the appraisal. Because only a material breach will vitiate a settlement agreement, *see Gilbert v. Dep't of Justice,* 334 F.3d 1065, 1071 (Fed.Cir. 2003), the Board held that the delay in providing the appraisal could not vitiate the whole settlement agreement.

The Board rejected Mr. Burks's contention that the agency breached its duty to provide a correct record of leave. Instead of providing a corrected record on Form 1150, as specified by the settlement agreement, the agency gave Mr. Burks a substitute form, which Mr. Burks conceded provided the correct information. The Board held that giving the correct information on

a substitute form did not constitute a material breach of the settlement agreement.

With regard to the obligation to purge Mr. Burks's official file of any reference to the removal matter, the Board noted that the agency's first attempt to provide a compliant Form SF–50 had not satisfied the administrative judge assigned to the case, who wanted the form to be clear that Mr. Burks left the agency for personal reasons. The proposed form was thus amended to include the words "Employee gave no reason for resignation," and to remove two alphabet code references that might have led a reader to suspect previous employee misconduct. The amendments to the SF–50 were shown to Mr. Burks, who agreed with the changes. In the light of these uncontested facts, the Board concluded that the agency had complied with its obligation to purge Mr. Burks's official file.

Finally, the Board rejected Mr. Burks's argument that he had been credited with only 351, instead of 359, hours of sick leave, because the record submitted to the Board by the agency showed a credit of 359 hours.

### III

Mr. Burks seeks review in this court of the final decisions of the Board rejecting his attempts to upset the settlement agreement on the grounds of agency breach. We must affirm the final decisions of the Board, unless we determine that they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Additionally, when the Board's final decision rests on findings of fact, those findings must be supported by substantial evidence. *See* 5 U.S.C. § 7703(c)(3).

On each of the four grounds asserted for breach by Mr. Burks, we hold that the Board's fact-findings are supported by substantial evidence, and we conclude that the Board's decisions are not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. In sum, Mr. Burks has not shown that the agency failed to comply with its obligations under the settlement agreement. The settlement agreement thus stands: Mr. Burks resigned voluntarily from the agency; he and the agency are bound by the terms of the settlement agreement.